UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AMARA KONATE                                                    CIVIL ACTION

VERSUS                                                          NO. 14-1636

INTER-CON SECURITY SYSTEMS INC.                                 SECTION I

ORDER & REASONS

Before the Court is a motion[1] filed by defendant, Inter-Con Security Systems Inc. ("Inter-Con"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss certain of plaintiff's claims in this employment discrimination case.  Plaintiff, Amara Konate, has filed an opposition,[2] to which defendant has filed a reply.[3]  For the following reasons, defendant's motion is **DENIED**.

BACKGROUND

Inter-Con employed plaintiff as a security guard from March 2011 to May 2011, and again from January 2012 to March 2014.[4]  Plaintiff's first period of employment ended when Inter-Con terminated him after he failed a second attempt at a "shooting examination."[5]  Plaintiff was later rehired, but his second period of employment ended on March 20, 2014, after a series of alleged infractions.[6]

---

[1]R. Doc. No. 6.
[2]R. Doc. No. 8.  Plaintiff's opposition was not timely filed, but he subsequently filed a motion for leave to file an untimely opposition, R. Doc. No. 12, which the Court grants.
[3]R. Doc. No. 11.
[4]R. Doc. No. 1, ¶ 5.
[5]R. Doc. No. 1, ¶¶ 12-13.
[6]R. Doc. No. 1, ¶¶ 5, 16-23.

1

Plaintiff's nation of origin is Guinea.[7]  He contends that he was subjected to discrimination on the basis of his national origin throughout his periods of employment with Inter-Con.  In particular, plaintiff alleges that (1) in May 2011 he was terminated after failing to pass a second shooting examination, but that American co-workers were given extra opportunities to take the test in 2013;[8] (2) in April 2013, during a work bid process, two American co-workers were allowed to select their desired post assignments despite plaintiff's seniority to those co-workers;[9] (3) he was denied travel reimbursement which was granted to an American co-worker;[10] and (4) he was disciplined and eventually terminated for a series of alleged work infractions, such as leaving his work station, when American co-workers received less punishment for comparable or more severe infractions.[11]

Plaintiff filed a charge of discrimination on March 31, 2014.[12]  The claim was dismissed and a right-to-sue letter was issued on April 14, 2014.[13]  Plaintiff filed this lawsuit on July 15, 2014, alleging national-origin discrimination in violation of Title VII and the Louisiana Employment Discrimination Law ("LEDL").[14]  Inter-Con now moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for partial dismissal of plaintiff's claims to the extent that they are based

---

[7]R. Doc. No. 1, ¶ 6.
[8]R. Doc. No. 1, ¶¶ 14-15.
[9]R. Doc. No. 1, ¶¶ 7-10.
[10]R. Doc. No. 1, ¶¶ 19-21.
[11]R. Doc. No. 1, ¶¶ 16-18, 22-27.
[12]R. Doc. No. 6-2, at 1.  Although the EEOC charge is outside the pleadings, the Court can consider it in connection with this Rule 12(b)(6) motion without converting it to a Rule 56 summary judgment motion because the additional materials are "referred to in the complaint and are central to the plaintiff's claim."  *See Hickingbottom v. UNICCO Gov't Servs., Inc.*, No. 10-894, 2010 WL 3720672, at *2 (E.D. La. Sept. 13, 2010 ) (Vance, J.) (considering plaintiff's EEOC charge in deciding motion to dismiss claims for failure to assert them in a timely EEOC charge).
[13]R. Doc. No. 6-3, at 1.
[14]R. Doc. No. 1, at 1.

2

on his May 2011 termination and the April 2013 bid process, which Inter-Con contends were not

timely presented in the charge of discrimination.

## LAW AND ANALYSIS

### A.    Rule 12(b)(6)

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon

which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim

that would entitle him to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v.*

*Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). As the U.S. Court of Appeals for the Fifth Circuit

explained in *Gonzalez v. Kay*:

> "Factual allegations must be enough to raise a right to relief above the speculative
> level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Supreme Court
> recently expounded upon the *Twombly* standard, explaining that "[t]o survive a
> motion to dismiss, a complaint must contain sufficient factual matter, accepted as
> true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556
> U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial
> plausibility when the plaintiff pleads factual content that allows the court to draw the
> reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  It
> follows that "where the well-pleaded facts do not permit the court to infer more than
> the mere possibility of misconduct, the complaint has alleged-but it has not
> 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P.
> 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

This Court will not look beyond the factual allegations in the pleadings to determine whether

relief should be granted.  *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v.*

*Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  As noted above, however, the Court can consider the

EEOC charge placed in the record by defendant because it is "referred to in the complaint and [is]

central to the plaintiff's claim." *See Hickingbottom*, 2010 WL 3720672, at *2.  In assessing the

complaint, a court must accept all well-pleaded facts as true and liberally construe all factual

3

allegations in the light most favorable to the plaintiff. *Spivey*, 197 F.3d at 774; *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

## B.     Timeliness

Both Title VII and the LEDL require a plaintiff to file a charge of discrimination within a designated limitations period following an alleged unlawful employment practice. *See* 42 U.S.C. § 2000e-5(3)(a) (300 days); La. Rev. Stat. § 23:303(D) (one year plus length of "any administrative review or investigation of the claim conducted by the federal [EEOC] or the Louisiana Commission on Human Rights," up to six months); *see also Watson v. Clear Channel Broadcasting, Inc.*, No. 13-5503, 2014 WL 258999, at *6, 10 (E.D. La. Jan 22, 2014) (Africk, J.). "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Morgan v. Nat'l R.R. Passenger Corp.*, 536 U.S. 101, 113 (2002). "Discrete acts" include "termination, failure to promote, denial of transfer, or refusal to hire [and] are easy to identify." *See id.* at 114.

Based on plaintiff's March 31, 2014 charge of discrimination, review of which was concluded on April 14, 2014, defendant calculates that the cutoff for timely Title VII claims was June 4, 2013, and the cutoff for timely LEDL claims was June 30, 2013.[15] Accordingly, defendant contends that plaintiff's allegations of discrimination based on (1) the May 2011 termination and (2) the April 2013 work bid process were not timely included in the March 31, 2014 administrative

---

[15]R. Doc. No. 6-1, at 4-5.

4

charge and must be dismissed.[16]   Plaintiff concedes that his claims based on the May 2011

termination and the April 2013 work bid process "were not made subject of a timely-filed EEOC

charge as required under Title VII . . . and they are not timely under the" LEDL.[17]   Nonetheless, he

contends that he can assert the claims pursuant to the continuing violation doctrine.

"The continuing violation theory provides that where the last act alleged is part of an

ongoing pattern of discrimination and occurs within the filing period, allegations concerning earlier

acts are not time-barred." *McGregor v. La. State Univ. Bd. of Supervisors*, 3 F.3d 850, 865 (5th Cir.

1993) (internal quotation marks omitted).   The Fifth Circuit "has stated that a plaintiff may not rely

on the continuing violations doctrine 'to resurrect claims about discrimination concluded in the past,

even though its effects persist.'"   *Mack v. John L. Wortham & Son, L.P.*, 541 F. App'x 348, 356 (5th

Cir. 2013) (quoting *Berry v. Bd. of Supervisors of L.S.U.*, 715 F.2d 971, 979 (5th Cir. 1983)).   As

explained in *Berry*, there are three particularly relevant factors that the Court must examine:

> The first is subject matter. Do the alleged acts involve the same type of
> discrimination, tending to connect them in a continuing violation? The second is
> frequency. Are the alleged acts recurring (*e.g.,* a biweekly paycheck) or more in the
> nature of an isolated work assignment or employment decision? The third factor,
> perhaps of most importance, is degree of permanence. Does the act have the degree
> of permanence which should trigger an employee's awareness of and duty to assert
> his or her rights, or which should indicate to the employee that the continued
> existence of the adverse consequences of the act is to be expected without being
> dependent on a continuing intent to discriminate?

715 F.2d at 981.   These questions are non-exhaustive, and the inquiry is a fact-specific one, *id.* at

981-82, but "[t]he Fifth Circuit has emphasized that the third factor is 'perhaps of most

importance,'" *Culotta v. Sodexo Remote Sites P'ship*, 864 F. Supp. 2d 466, 471-72 (E.D. La. 2012)

---

[16]*Id.*
[17]R. Doc. No. 8, at 1.

(Africk, J.); *see also Safford v. St. Tammany Parish Fire Prot. Dist. No. 1*, No. 02-55, 2004 WL 32921, at *5-6 (E.D. La. Jan. 5, 2004) (Vance, J.) (considering only the third factor in determining whether alleged discriminatory acts constituted a continuing violation).  Plaintiff "must show an organized scheme leading to and including a present violation, such that it is the cumulative effect of the discriminatory practice, *rather than any discrete occurrence*, that gives rise to the cause of action."  *Huckabay v. Moore*, 142 F.3d 233, 239 (5th Cir. 1998) (emphasis added) (citations omitted).  "[T]he above discussion of the continuing violations doctrine also applies to" plaintiff's claim pursuant to the LEDL.  *See Watson*, 2014 WL 258999, at *10 & n.50.

Reviewing the allegations in the complaint in the light most favorable to plaintiff, the Court doubts that the continuing violation doctrine allows plaintiff to pursue the May 2011 termination and April 2013 work bid process claims.  Both alleged incidents are best characterized as discrete acts of discrimination.  Plaintiff's first termination in May 2011 is a quintessential discrete and permanent act "which should trigger an employee's awareness of and duty to assert his or her rights . . . without being dependent on a continuing intent to discriminate." *See Berry*, 715 F.2d at 981. Likewise, although the factual details regarding the April 2013 work-bid process are sparse, it appears that the discrimination in failing to give plaintiff seniority in a work bid process was completed when plaintiff failed to receive his choice of jobs, even if the "effects persist[ed]."  *See Mack*, 541 F. App'x at 356.

Nonetheless, the Court need not decide at this stage of the proceedings whether the continuing violation doctrine applies because it appears that the two untimely incidents may be pursued as components of a hostile work environment claim.  In his complaint plaintiff states that

his claims include both "discrimination, and hostile work environment based on national origin."[18] A plaintiff may pursue a hostile work environment claim even if "some of the component acts of the hostile work environment fall outside the statutory time period" so long as "an act contributing to the claim occurs within the filing period."  *See Morgan*, 536 U.S. at 117; *see also Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 328 (5th Cir. 2009).   Defendant did not challenge plaintiff's assertion of a hostile work environment claim pursuant to Title VII or the LEDL, or otherwise address that theory in its motion to dismiss.  Accordingly, the Court finds it appropriate to deny the motion to dismiss and to allow discovery to proceed, including discovery related to the May 2011 termination and April 2013 work bid process.  If necessary, these issues may be revisited through a timely-filed motion for summary judgment.

## CONCLUSION

**IT IS ORDERED** that the motion to dismiss is **DENIED.  IT IS FURTHER ORDERED** that plaintiff's motion for an extension of time to oppose the motion to dismiss is **GRANTED**.

New Orleans, Louisiana, November 10, 2014.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[18]R. Doc. No. 1, at 1.